NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

McCLURE ASSOCIATES, INC., Respondent.

No. 76–1964.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1977.

Decided June 13, 1977.

---

Lynne Deitch, Washington, D.C. (John H. Ferguson, John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., on brief), for petitioner.

J. Roy Weathersby and R. Paul Cannon, Atlanta, Ga., for respondent.

Before BRYAN, Senior Circuit Judge, and CRAVEN * and WIDENER, Circuit Judges.

PER CURIAM.

In this case we enforce an order which required the Company to cease and desist from violation of §§ 8(a)(1) and 8(a)(3) of the Labor Management Relations Act of 1947, 29 U.S.C. §§ 158(a)(1) and 158(a)(3), and for reinstatement and back pay.

The Company (an electrical subcontractor) discharged for lack of work twelve employees, the Company taking the position there was economic justification for their discharge. Assuming that such economic justification for a reduction in force did exist, we yet think there was substantial evidence to support the Board's finding that the eight of them which concern us here were discharged because of their union activity. Each of the eight, on at least one occasion, had either been threatened with discharge on account of their union activity or interrogated with respect to the same or both; the lead foreman, who was one of the supervisory employees directly involved, did not testify; and the discharges coincided with a union campaign which was known to the Company. Without detailing the facts, we think there was substantial evidence to support the Board's order.

The Company objects that the Administrative Law judge improperly refused in evidence an affidavit obtained by a Board agent in his investigation from one Winship, project manager of the general contractor, which affidavit would have tended to prove that the general contractor directed the Company to reduce its force. The Board on oral argument takes the position that the affidavit, excluded as hearsay by the Administrative Law judge, was properly so excluded, because it was unreliable and not subject to cross-examination. We agree with the Board. Assuming without deciding that the Federal Rules of Evidence apply to such hearings, the affidavit did not comply with Rule 804(b)(1) of the Federal Rules of Evidence, since it was not a deposition taken in compliance with law in the same or another proceeding; and in addition, although the affidavit was taken by a board agent, there was no opportunity for cross-examination. We also think the affidavit was not admissible under Rule 803(24), for we do not think the affidavit had equivalent circumstantial guarantees of trustworthiness.

*ENFORCEMENT GRANTED.*